## F. LOCKHART et al. *v.* H. R. HARRELL et al.

Where an amended petition was unnecessary, because the evidence to sustain it could have
   been properly introduced under the original petition ; *Held :* That the filing of the supple-
   mental petition afforded no good ground for a continuance on the part of the defendant;
   and that the case was properly tried, without any answer to the supplemental petition on
   the part of the defendant.

Where a party has himself opposed a motion to rescind an order of cumulation of two suits, he cannot complain of the order of cumulation.

A surviving partner cannot maintain a suit upon an obligation for money due to the partnership, without making the representatives of the deceased partner a party; but where the suit is to annul a sale in which he has an interest, even of a movable, it can be maintained by him alone.

The whole tendency of modern practice is, to enlarge the latitude as to the admissibility of evidence, leaving the courts to restrict its applicability.

Notice of seizure on execution to a debtor before the sale must be made, unless clearly waived; and parol proof of the waiver is not admissible. Notice to the attorney of a debtor, who is himself present in the State, is not sufficient.

Such instruments as twelve months' bonds cannot be seized on execution, without taking actual possession of them by the executive officer, and delivery of them to the purchaser, in pursuance of the adjudication.

APPEAL from the District Court of East Feliciana, *Penn*, J.   *Z. S. Lyons*, for appellees.   *E. T. Merrick*, for appellants. The judgment of the court was pronounced by

PRESTON, J. *Lockhart* and *Arrott* held a twelve months' bond against *Eckley Harrell* and *Nettles*, dated the 4th of February, 1843, for $5020. In September and November, 1843, *Harrell*, the most solvent obligor on the bond, purports to have sold his property by notarial acts to *Hobgood*.

In January, 1844, just before the bond became due, *Lockhart* and *Arrott* brought suit to annul the sales, on the ground that they were simulated; and attached the property. When the bond became due, they issued execution against the property, and *Hobgood* enjoined the sale of it. The injunction was made perpetual by the district court; but, on appeal, the judgment was reversed by this court, and the case remanded to receive evidence of the simulation; and, on the merits, to dissolve the injunction, if it should be ascertained that the sale was simulated.

While these proceedings were taking place, the sheriff had the costs taxed against *Lockhart* and *Arrott*, in their attachment suit, and caused the twelve months' bond to be sold by the coroner, for the costs; and, on the 6th of September, 1845, *Harrell* became the purchaser for $1350, in twelve months' bonds; and he and *Hobgood* filed supplemental answers to the suit, to annul the sales of September and November, 1843, that the debt due to *Lockhart* and *Arrott* had been extinguished by confusion.

On the 24th of March, 1846, *Lockhart*, as surviving partner of *Lockhart* and *Arrott*, brought suit against *Harrell*, *Hobgood* and the sheriff, to annul the coroner's sale to *Harrell* of the twelve months' bond, on twelve distinct grounds.

The defendants denied his right to sue, without making the representatives of *Arrott* a party plaintiff to the suit; denied the plaintiff's allegations material to support his demand; and plead that he was divested of all title to the twelve months' bond by the coroner's sale, which they averred was in all respects regular, and that *Harrell* had thereby become the absolute owner of it.

In 1848, the court ordered this suit to be cumulated with the suit to set aside the sales by *Harrell* to *Hobgood*, in September and November, 1843, so far as it was alleged, in the supplemental answers to that suit, that the twelve months' bond had been extinguished by confusion.

On the 2d of April, 1850, the plaintiff moved to set aside the order cumulating the two suits, which the court refused, the defendants making opposition, and assigned the causes for trial on the fourth of that month. The same day, the plaintiff filed, as a thirteenth ground for setting aside the coroner's sale, that he did not seize or take actual possession of the twelve months' bond in selling

LOCKHART
v.
HARRELL.

it, or deliver it to the vendee *Harrell;* and annexed the bond, alleging that he had always held it in his possession.

The defendants opposed the filing of this amended petition and the assigning the cause for trial, and asked for time to defend themselves against it, all of which the court refused; and they took a bill of exceptions.

The plaintiff, in his original petition for annulling the coroner's sale of the twelve months' bond, presented his twelfth ground, in these words: "Because every and all that has been done to divest your petitioner, in his said capacities, of the ownership of said bond, and to defeat his collection of the same, is wrong-ful and illegal, none of the requisitions of the law has been observed, and the sale of the same is utterly void."

We think that, under this allegation, he might have given evidence that the coroner never seized or took actual possession of the twelve months' bond, or delivered to *Harrell.* If so, the supplemental petition did not alter the nature of the case, require an answer, or entitle the defendant to time to defend him-self against it, under article 421 of the Code of Practice. Indeed, to support his plea of payment of the bond by confusion, *Harrell* ought to have been ready to produce it with a legal sale from the coroner.

There was, therefore, no error in allowing the amended petition to be filed, and assigning the cause for trial immediately and without an answer to the amendment. The code allows great discretion to the judge in these respects, which, we think, should not be abridged.

The defendants cannot hope to reverse the judgment on the ground, that the court refused to rescind the order cumulating the two suits, when it was expressly refused in consequence of their opposition.

The defendants have cited many decisions of our late Supreme Court, to show that the surviving partner of a mercantile firm cannot sue for a claim of the firm, without making the heirs or representatives of his deceased partner parties plaintiff in the suit. *Flower* v. *O'Conner,* 7 L. R. 197. *Couller* v. *Cochran,* 13 L. R. 484. 3 L. R. 358. 4 N. S. 437. 6 N. S. 188.

The argument of the plaintiff's counsel, that this is not a suit to recover a sum of money, but to annul a sale in which the plaintiff has a clear interest, is conclusive on this subject. Thus, a joint owner can maintain a suit for land and a *fortiori* for a movable, at least to have his right recognized. The autho-rities quoted to the contrary, all occurred where suits for sums of money were brought, in which the discharge of the surviving partner would not discharge the whole debt.

The court admitted, in evidence, the acts of sale from *Harrell* to *Hobgood,* charged to be simulated, and some parol testimony in relation thereto; but expressly restricted it to show any fact or circumstance of combination or fraud on the part of the defendants in relation to the coroner's sale, which was attacked for fraud. With this restriction, the documents and testimony were admissible in evidence. The character of the case required as much latitude as to evi-dence, as the rules of law would permit. And the whole tendency of modern practice is, to enlarge the latitude as to the admissibility of evidence, leaving to courts, by their instructions, to restrict its applicability; and to juries, to judge of its credit and effect. The bills of exception show a wise, but cautious, exer-cise of the discretion of the court in this respect.

We think with the district court, that the notice of seizure to a debtor before selling his property under execution, must be made, or clearly waived, and that parol proof of the waiver should not be admitted; and further, that service of

<div style="float:right">LOCKHART<br>v.<br>HARRELL.</div>

the notice on his attorney at law is not sufficient, when he is himself present in the State. The bill of exceptions, so far as it relates to other subjects, was a requisition upon the court to instruct the jury as to abstract principles of law.

*Lyons*, when examined as a witness in the cause, by substituting other security on the attachment bond and for costs, was divested of any interest in the cause.

It has become the settled jurisprudence, under our decisions, that such instruments as a twelve months' bond cannot be seized and sold under execution, without taking actual possession of them by the executive officer, and delivery of them to the vendee, in pursuance of the adjudication. We are, therefore, of opinion, that the coroner's sale, without these essential requisites, transferred no title to the bond to *Harrell*, and that this plea of confusion must be disallowed.

The judgment of the district court is therefore affirmed, with costs.